IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CURTIS C. EVANS                                                                                    PLAINTIFF

v.                                                                                    No. 4:18CV128-NBB-JMV

PELICIA HALL, ET AL.                                                                           DEFENDANTS

ORDER *GRANTING* PLAINTIFF'S MOTIONS [1], [9]
TO FIND THAT HE IS IMMINENT DANGER, PERMITTING
CASE TO GO FORWARD, WITH A SANCTIONS WARNING

This matter comes before the court on the motions [1], [9] by the plaintiff for the court to permit him to proceed as a pauper in this case, despite the fact that he has accumulated three "strikes" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). Four of Mr. Evans' prior *pro se* prisoner cases have been dismissed either as frivolous, malicious, or for failure to state a claim upon which relief could be granted, and those dismissals count as "strikes" under the PLRA. *See Evans v. Fisher*, 15-60849 (5th Cir., Opinion of February 13, 2017) (noting that Evans has accumulated four "strikes.")[1] As a result, Mr. Evans may no longer proceed as a pauper in cases he files as a prisoner unless he alleges that he is "under imminent danger of serious physical injury." *Id.*, 28 U.S.C. § 1915(e). Mr. Evans has presented the instant case to the court and has moved [1], [9] for the court to find that his allegations meet the "imminent danger" exception to the "three strikes" rule.

Mr. Evans' allegations are general in nature. He alleges that his many lawsuits against Mississippi Department of Corrections officials have caused the officials to threaten him with harm if he refuses to dismiss pending suits and stop filing new ones. He states:

---

[1] As discussed below, Mr. Evans also voluntarily dismissed other cases after the Fifth Circuit warned him that it would impose further sanctions if those suits were later found to be frivolous, repetitive, or otherwise abusive.

> [I] was nearly beaten to death by M.D.O.C. officials on Friday, July 21st, 2017, made to plead for my life, and to say that I would drop all of my lawsuits against M.D.O.C.
>
> Being denied protection, I was forced by a knife wielding cell mate, to drop all my lawsuits against M.D.O.C., or else be killed in November of 2017.
>
> Being denied protection by M.D.O.C., I was thrown back on the zone to die, on April 2, 2018, after informing Captain McDavid that my life is in jeopardy, and nearly beaten to death by several inmates.

Doc. 1. Mr. Evans reiterates these allegations in his other submissions to the court. In his second motion [9] regarding imminent danger, Mr. Evans states, "My medical records prove all of my claims, along with the camera system."

The court has reason to doubt Mr. Evans' allegations regarding imminent danger. First, he alleges that on two different occasions, he was "nearly beaten to death." He has not, however, provided any details regarding the identity of his attackers or the exact nature and severity of his injuries. Nor has he provided copies of medical records which might support these allegations. In addition, he claims that various MDOC staff members and inmates compelled him to dismiss his pending cases. However, he made his decision to dismiss those cases a few months after the Fifth Circuit gave him this warning:

> We WARN Evans that any more frivolous, repetitive, or otherwise abusive filings will result in sanctions, such as dismissal, monetary fines, and restrictions on his ability to file pleadings in this court and any court subject to our jurisdiction. *We also WARN Evans to review any pending suits or appeals he has already filed and move to dismiss those that are frivolous.*

*See Evans v. Fisher*, 15-60849 (5th Cir., Opinion of February 13, 2017) (emphasis added.) Thus, it is plausible that Mr. Evans, who has a history of abusive filings, dismissed his pending suits, not because of threats and intimidation by staff and inmates, but because the Fifth Circuit cautioned him regarding the consequences of proceeding with frivolous or abusive suits.

To meet the exception to the prepayment requirement of 28 U.S.C. § 1915, a prisoner who has accrued three "strikes" must make specific, credible allegations of imminent danger. *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011). If a defendant contests a plaintiff's claims of imminent danger, the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing. *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). A nexus must exist between the imminent danger a three-strikes prisoner alleges to obtain pauper status and the legal claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009). The statute requires that the inmate's complaint seeks to redress an imminent danger of serious physical injury – and that this danger must be fairly traceable to a constitutional violation alleged in the complaint. *Id.* At the present stage, the court must evaluate whether Mr. Evans may proceed based on his allegations. Though it is arguable that Mr. Evans' allegations are insufficient to proceed, the court will err on the side of caution and finds that the allegations meet the standard.

The court, nonetheless, harbors doubts about the veracity of Mr. Evans' allegations. For this reason, the court WARNS Mr. Evans, however, that should evidence come to light in this case showing that his claims of imminent danger are false, then the court will determine what sanction is necessary to deter such behavior in the future. Such evidence might consist of medical records at odds with his allegations of severe beatings – or records showing that his encounters with prison staff arose out of his misbehavior, such as setting fires in his cell or refusing to comply with the orders of staff – rather than from animus towards him arising out of his previous suits.

If, after considering this warning, Mr. Evans decides that his claim of imminent danger might be unsupported in the record, then he may, before the matter proceeds further, voluntarily dismiss this case, as he did in a previous case in this court, *Evans v. Fisher*, 4:16CV84-DMB-DAS (order of November 1, 2017). If Mr. Evans voluntarily dismisses this case, then the court will not consider

sanctions. If, however, Mr. Evans proceeds with this case – and the court later finds his allegations of imminent danger to be unsupported – then the court will immediately order briefing on the issue of sanctions.

In sum, the instant motions [1], [9] to proceed with this case under 28 U.S.C. § 1915(e), the exception to the "three strikes" rule, are **GRANTED**, and this case will proceed.

**SO ORDERED**, this, the 16th day of November, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE